BAYLOR JENNINGS SR. *v.* N. G. JENNINGS et al.

**Assignment — Sale After Return Day of Property Levied on Before Return — Attachment.**

The surrender of land to the sheriff to be sold to satisfy an execution which had been returned "no property found," where the creditor has only an equitable interest in the land, will not operate as an assignment under the statute.

**Venditioni Exponas.**

Where a sheriff levies an execution on property before the return day, he may sell it afterward without a venditioni exponas.

**Sheriff's Return — Damages for Failure to Return Executions.**

It is the duty of sheriffs to return all executions in their hands within the prescribed time after the return day thereof, and for a failure to do so they subject themselves to such damages as plaintiffs might sustain therein.

**Attachment — Set-off.**

A. brings suit against C. for balance on a note given by C. to B., and assigned to A. and levies an attachment on the property of C. In his answer C. alleges that A. owes him a note for a sum greater than the balance due on the note assigned by B. to A. and claims it as a set-off against the suit of A. and no answer was made to said set-off. *Held,* that a judgment sustaining the attachment of A. was erroneous, and the set-off in the answer of C. should have been allowed.

**Husband and Wife — Proceeds of Wife's Property Invested in Lands Claimed by Husband — Equitable Settlement.**

Where the proceeds of the wife's property had been invested in the lands sought to be subjected to the payment of the husband's debts, before that can be done a settlement shall be made upon the wife suitable to her support, and if it requires for that purpose the full amount raised by the sale of the lands in question it must be so applied.

APPEAL FROM GARRARD CIRCUIT COURT.

May 31, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

A. J. Jennings being indebted much beyond his ability to pay, a number of his creditors sued him with attachments in the Garrard Circuit Court in separate actions; these actions were consolidated and heard together, and on the first day of Sep-

tember, 1866, a final judgment was rendered settling, finally, the rights of a part of those who were prosecuting actions against him.

W. B. & S. Ferrel recovered judgment for their debts for which they had sued, but they sought in their petition to bring the estate of said Jennings within the operation of the Act of 1856, to prevent fraudulent assignments, etc., 1 Rev. Stat., 553, upon the ground that said Jennings being indebted far beyond his ability to pay had by a writing surrendered to the sheriff of Garrard county a tract of land which he had, prior to 1861, purchased under a sale made by a commissioner by virtue of a judgment of the Garrard Circuit Court, and of which he was put in possession, having paid all the purchase money, but which had never been conveyed to him, to satisfy a judgment which George W. Denny had recovered against him and others; and under and by means of said surrender said sheriff had sold 158 acres, 1 and 33 poles of said land on the 23d day of December, 1863, which surrender they allege operated as a transfer of his whole estate to the benefit of all his creditors. This relief was refused by the court below, and they appealed.

The petition was filed the 6th of August, 1865, one year and eight months after the sale of the land had been made by the sheriff; but waiving the consideration of the question whether the right to question the sale had or not been barred by time, we do not think the surrender of the land by Jennings operated as a transfer of his estate under the act, *supra*. The act of the Legislature providing for the subjection of equitable interests to sale in satisfaction of judgments at law had not been repealed by the adoption of the Revised Statutes, or any subsequent statute, and by a return made on Denny's execution of "no" property found by the sheriff, he would have had an unquestioned right to subject his debtor's equitable title in the land to the payment of his debt by a suit in equity, and a surrender of it by Jennings to be sold by the sheriff only enabled Denny to enforce the payment of his debt directly, and without a resort to his suit in equity, which he had a right through the aid of a chancellor to do. Nor do we think the long delay after the levy to consummate the sale can affect the right of the purchaser. It is made the duty of sheriffs to return all executions in their hands within the prescribed time after the return day thereof, and for a failure to do so they subject themselves to such damages as plaintiffs might

sustain herein, hence for their own protection, when they have levied such executions before the return day, and fail to sell, they may within the prescribed time return them and take out a venditioni exponas, commanding him to proceed with the sale, but by a special enactment the Legislature has authorized officers, including sheriffs, at any time after the return day, while the original execution is in his hands to sell any property taken by him before the return day in virtue thereof (1 Rev. Stat. 476), and we cannot decide in view of this act that the sheriff had not the power to sell under the execution in his hands. There is no evidence that Anderson has any lien on the land, and the extract from the report of the master shows that all the purchase money was paid.

Wherefore, the judgment as to W. B. & S. Ferrell is affirmed and appellee Yontis will recover his costs.

In the judgment rendered, it is stated that all the parties, plaintiffs and defendants, pray an appeal and it is granted.

A. J. Jennings complains of the judgment sustaining the attachment of B. F. Robinson against him.

Robinson, in his petition, alleges that A. J. Jennings and Clayton Anderson, on the 6th of April, 1857, by their note promised to pay Robert Boggs, twelve months thereafter, $1,000; that Boggs sold and delivered said note to him for a valuable consideration and he was then the holder and owner thereof, and that the amount thereof was just, due to him, and unpaid except $500 paid 14th of August, 1859, and for the residue after crediting the note with said $500 of the date aforesaid he prayed judgment and sued out an attachment.

Jennings in his answer denies that he owned said debt or any part thereof, and alleges that besides the $500 admitted in the petition, to have been paid the 14th of August, 1859, he holds a note on appellee Robinson, executed and due the 1st of April, 1859, for $587.50, which he exhibits and files as part of his answer, and pleads the same as a set-off against the demand of appellee and which was made payable on the day named to meet the payment of the note sued on, Boggs having agreed to postpone the payment of the note sued on, and that appellee agreed to accept said note in part payment of the note sued on. No reply to said set-off was filed in this action, but in his answer to Mrs. N. G. Jennings' petition Robinson admits that appellant holds said note for $587.50 on him and says he is willing that said

note shall be credited on his debt. The actions having been con-
solidated it is apparent from the admission of Robinson that on
the 26th of November, 1862, when he instituted his action
nothing was due him, and his attachment should not have been
sustained, and consequently the judgment sustaining the same was
erroneous. But as there is no final judgment adjudging to
whom a balance is due as between these parties this court has no
jurisdiction to settle that question, especially as A. J. Jennings
has not asked for a judgment over against Robinson, but as the
judgment sustaining Robinson's attachment was erroneous, it is
reversed and the cause is remanded for further proceedings con-
sistent herewith.

As to the judgment in favor of the Northern Bank, in an
affidavit filed the 24th of October, 1862, two grounds for an
attachment are stated and relied upon. 1. That the defendant,
A. J. Jennings, had left Garrard, the county of his residence,
voluntarily, and had remained voluntarily within the Confeder-
ate lines for more than thirty days, and 2. That he so conceals
himself that legal process could not be executed upon him. The
fact that he left his usual place of abode and was within the
Confederate lines was such concealing himself as was sufficient
to sustain the attachment as was decided by this court in Dunn,
etc. v. Satter, etc., 1 Duv. 342, and the attachment was on that
ground if the other had failed properly sustained.

But as the notes were placed in Royston's hands to collect and
apply the proceeds to the payment of the bank debt, he should
either have accounted for them or their value, or surrendered
them into court, where a proper and equitable disposition might
have been made thereof, and it was erroneous to render judg-
ment in the name of the bank for his benefit for the full amount
of said debt, before some such accounting for said notes had been
required as herein indicated. It would be proper, however, upon
the return of the cause for the court below to retain power over
his *pro rata* of the proceeds of the sale of Jennings' property un-
til the question as to the notes placed in Royston's hands is
settled. Wherefore, said judgment is reversed, as it directs the
payment of the debt originally to the bank, now for the use of
Royston, and the cause to that extent is remanded for further
proceedings consistent with this opinion.

As to the appeal of Baylor Jennings, this appellant complains

of the judgment because an allowance or settlement of $2,500 was adjudged to Mrs. N. G. Jennings. It is not controverted that the land and slaves which she inherited from her father in part, and which in part he gave her, were sold and a portion of the proceeds to the extent of the amount adjudged her were applied to the payment of the land now sought to be subjected to the payment of appellant B. Jennings, or to debts for which he was bound as her surety.

The evidence preponderates strongly to establish the fact that Mrs. Jennings only consented to the sale of her lands and slaves because she had been assured by her husband that the proceeds should be invested in what was known as the Suter place, the land sought by these proceedings to be sold to pay his debts; without the sale of her property he was not able to pay for that place, and he would not make the purchase, that it would be best for both, and he would secure to her the proceeds of her property in this land. The legal title never was conveyed to him and no part of the land was conveyed to her. Her husband when she filed her petition asserting her claim, was insolvent greatly beyond his means of payment; in order to reach this land, and subject it to the payment of his debts, his creditors were compelled to appeal to the chancellor to aid them. And before he will do it, he will require out of the means which belonged to Mrs. Jennings, and to which she has a superior equity, that a settlement shall be made upon her suitable for her support, and if it requires for that purpose the full amount raised by the sale of her property and applied to the payment of the land he will so apply the whole. This principle has been repeatedly recognized by this court. And the equitable right to a settlement we think is clearly made out in this case by Mrs. Jennings. And we think that the amount adjudged to her is as much as she is, from the evidence, entitled to. We regard her claim as an equitable lien upon the land for the amount paid therefor, out of the money raised by the sale of her property, and the sum adjudged to her is as much as she has proved was so applied. Wherefore, the judgment on the appeal of Baylor Jennings, and also on the appeal of N. G. Jennings is affirmed, and on the appeal of A. J. Jennings the judgment as to all the other appellees except those herein expressly named is affirmed and as to the appeals of Baylor Jennings and N. G. Jennings each party will pay their own costs.